ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **AE NOVA DISTRIBUTORS, INC.**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL MUNICIPIO DE YABUCOA**<br><br>Recurrida<br><br><br>**CARIBBEAN EQUIPMENT, INC.; DIEGO SOTO & ASSOCIATES, INC.; ROTANN GROUP, LLC**<br><br>Partes con Interés | KLRA202400361 | **REVISIÓN** procedente de la Junta de Subastas del Municipio de Yabucoa<br><br>Subasta Formal Núm. 9, Serie 2023-2024<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Comparece ante nos, mediante *Recurso de Revisión Administrativa*, AE Nova Distributors, Inc. (AE Nova o Recurrente) y nos solicita que revisemos la *Resolución* de 12 de junio de 2024, emitida por la Junta de Subastas del Municipio de Yabucoa (Junta de Subastas).[1] Mediante la misma, la Junta de Subastas adjudicó la subasta en controversia a favor de Caribbean Equipment Inc., pese el Recurrente ser el licitador con la propuesta más económica.

Por los fundamentos que discutiremos a continuación, revocamos la *Resolución* de la que se recurre y adjudicamos la subasta a favor de AE Nova Distributors, Inc.

---

[1] Apéndice de *Recurso de Revisión Judicial*, Anejo I, págs. 1-4. Notificada y archivada en autos el 25 de junio de 2024.

**I.**

El 21 de febrero de 202, la Junta de Subastas del Municipio de Yabucoa publicó, en el periódico "Primera Hora", un aviso de subasta para la "[a]dquisición de diferentes utilidades para el nuevo estadio Félix 'Nacho' Millán PW", Subasta Formal Núm. 9, Serie 2023-2024 (la Subasta).[2] Así las cosas, AE Nova, entre otros licitadores, presentó oportunamente su propuesta para la Subasta.[3] Los licitadores cuyas propuestas fueron preliminarmente aceptadas fueron, en orden ascendente según su precio:[4]

| AE Nova Distributors, Inc. | $457,800.00 |
|---|---|
| Caribbean Equipment. Inc. | $729,645.00 |
| Rottan Group, LLC | $831,600.00 |
| Diego Soto & Associates, Inc. | $906,385.00 |

Como se desprende, **AE Nova fue el licitador más económico**. No obstante, el 12 de junio de 2024, la Junta de Subastas resolvió adjudicar la Subasta a favor de Caribbean Equipment, Inc. Aunque en su determinación, la Junta de Subastas reconoció que AE Nova había sometido "la oferta más económica", adjudicó la subasta a Caribbean Equipment, Inc. Hizo contar, erróneamente, que la propuesta de Caribbean Equipment, Inc. fue "la más económica[…]". Por otro lado, justificó su determinación en que "[Caribbean Equipment, Inc.] tiene experiencia trabajando para el municipio."[5]

Inconforme con aquella determinación, el 8 de julio de 2024, AE Nova presentó el *Recurso de Revisión Judicial* ante nuestra consideración. En dicha comparecencia, señaló el siguiente error:

> **ERRÓ Y ABUSÓ DE SU DISCRECIÓN LA HONORABLE JUNTA DE SUBASTAS AL NO ADJUDICAR LA**

---

[2] *Íd.*, Anejo III, pág. 7.
[3] *Íd.*, págs. 6-64.
[4] *Íd.*, Anejo I, pág. 1.
[5] *Íd.*, pág. 3.

**SUBASTA NÚM. 9, SERIE 2023-2024 A FAVOR DE AE NOVA A PESAR DE HABER SIDO EL LICITADOR RESPONSIVO Y RESPONSABLE MÁS BAJO.**

Con el beneficio de la posición de la Junta de Subastas, estamos en posición para discutir el derecho aplicable.

## II.

## A.

El Artículo 4.006 (c) de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, (4 LPRA sec. 24y (c)), faculta al Tribunal de Apelaciones a atender las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. Los organismos administrativos merecen la mayor deferencia judicial, puesto que estos tienen el conocimiento especializado sobre los asuntos que les han sido delegados. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *Torres Rivera v. Policía de PR*, 196 DPR 606 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712 (2012). Al momento de revisar una decisión administrativa, el principio rector es el criterio de la razonabilidad de las decisiones y actuaciones de la agencia. *Íd.* Todas las decisiones administrativas gozan de una presunción de legalidad y corrección, por lo cual la parte que las impugne debe producir suficiente evidencia para derrotarla. *Íd.*

Las facultades adjudicativas de una agencia están regidas por la LPAU, *supra*, y por la jurisprudencia aplicable. La Sección 3.1 de la LPAU, *Íd.*, requiere que las agencias fundamenten sus resoluciones con determinaciones de hecho y conclusiones de derecho. Estas determinaciones deben reflejar que se consideraron y resolvieron los conflictos de prueba y, además, deben describir tanto los hechos probados como los rechazados. *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 265 (2007). Por lo tanto, la facultad revisora de los tribunales está limitada a determinar: (1) que el remedio concedido por la agencia fuese el apropiado; (2) si las determinaciones de hecho estuvieron basadas en evidencia

sustancial que obre en el expediente administrativo; y (3) si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta. LPAU, *supra*, Sec. 4.5.

Sobre nuestra facultad revisora, el Tribunal Supremo ha expresado que:

> **[L]as determinaciones de hecho se deben sostener si se fundamentan en evidencia sustancial que surja de la totalidad del expediente administrativo**. Mientras, la deferencia antes mencionada **no se extiende de manera automática a las conclusiones de derecho** emitidas por la agencia, ya que estas serán revisables en todos sus aspectos por el tribunal. **Esto es, que el tribunal las puede revisar sin sujeción a norma o criterio alguno**.
>
> *Hernández Feliciano v. Mun. Quebradillas, supra*, pág. 115. (citas omitidas) (Énfasis nuestro).

"[L]os foros apelativos debemos diferenciar entre asuntos de interpretación estatutaria, en la que los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa". *Íd.*, pág. 116. Al revisar las determinaciones de hechos, los tribunales solo pueden sustituir su criterio por el de la agencia cuando las determinaciones no están fundamentadas en evidencia sustancial. "Evidencia sustancial es 'aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión'". *Empresas Ferrer v. A.R.Pe.*, *supra*, pág. 266 (citando a *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 615 (2006)). La parte que impugne una determinación "tiene que convencer al tribunal de que la evidencia en la cual se apoyó la agencia para formular tales determinaciones no es sustancial". *Otero v. Toyota*, 163 DPR 716, 728 (2005).

Los tribunales les deben menor deferencia a las conclusiones de derecho de las agencias. *Hernández Feliciano v. Mun. Quebradillas, supra*, pág. 115. Aun así, la interpretación judicial del derecho no constituye una sustitución automática de las conclusiones de derechos de una agencia. *Íd.* En otras palabras, la

deferencia disminuida no trata de una revisión *de novo*. El criterio administrativo solo debe ser descartado cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).

**B.**

"La subasta formal y el requerimiento de propuestas (*requests for proposals*) son los dos vehículos procesales que tanto el gobierno central como municipios utilizan para la adquisición de bienes y servicios". *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019). Los fines principales de este proceso son "proteger el erario, al fomentar la libre y diáfana competencia entre el mayor número de licitadores posibles". *Íd*. "A su vez, salvaguardan los intereses del Estado, pues procuran conseguir los precios más económicos; evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento". *Transportación Sonnell, LLC v. Junta*, 2024 TSPR 82, en la pág. *9.

Concerniente a las determinaciones en procesos de subasta, los tribunales deben ser deferentes con las determinaciones hechas en ausencia de una demostración de que las mismas sean caprichosas, irrazonables o arbitrarias. *RBR Const., S.E. v. A.C.*, 149 DPR 836 (1999). En ausencia de estos elementos, ningún postor tiene derecho a quejarse cuando otra proposición es elegida como la "más ventajosa". La cuestión debe decidirse a la luz del interés público. Por tanto, en estos casos, la determinación de la agencia debe ser sostenida siempre que satisfaga el criterio de razonabilidad". *Transporte Sonnell, LLC v. Junta de Subastas, supra* en la pág. *9. (Citas omitidas). No obstante, "los tribunales de justicia poseen la inescapable obligación de analizar con detenimiento las ocasiones en las cuales pudiera estar

adversamente lesionado el erario público y se observe un menoscabo al objetivo legal dirigido a asegurar la plena y más adecuada integridad del proceso de las subastas". J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 5ª ed. rev., San Juan, Ed. SITUM, 2023, pág. 320; *Cotto v. Depto. de Educación*, 138 DPR 658, 666 (1995).

## C.

En nuestra jurisdicción, "[l]os procedimientos de subasta *no* están regulados por una ley especial general". *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 779 (2006). No obstante, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), el Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7001 *et seq.* (Código Municipal), y el Reglamento Para La Administración Municipal de 2016, Reglamento Núm. 8873, 19 de diciembre de 2016 (Reglamento Núm. 8873), conjuntamente regulan los procesos de subasta de los municipios.

La LPAU, al ser una ley procesal, no contiene disposiciones sustantivas sobre los procesos de subastas. Lo único que dispone, pertinente al caso de autos, es que los "los procesos de licitación pública municipal se realizarán de conformidad con [el Código Municipal]". Sección 3.19, LPAU, *supra.*

El Código Municipal, *supra*, por su parte, dispone los requisitos para que un municipio adjudique la buena pro en un proceso de subastas. Particularmente, el Artículo 2.040 del Código Municipal dispone que:

> La Junta entenderá y adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento y en los contratos de arrendamiento de cualquier propiedad mueble o inmueble y de servicios, tales como servicios de vigilancia, mantenimiento de equipo de refrigeración y otros.
>
> a. Criterios de adjudicación — **Cuando se trate de compras, construcción o suministros de**

**servicios, la Junta adjudicará a favor del postor razonable más bajo**. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. **La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta**.

**La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo** o el más alto, según sea el caso, **si con ello se beneficia el interés público**. En este caso, **la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación**.

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código.

*Íd.* (Énfasis nuestro).

Del referido Artículo se desprende con toda claridad que la norma a seguir en los procesos de subastas municipales es que la junta de subastas deberá optar por el licitador que propone el precio más bajo para la compra, construcción o suministros de servicios. **A modo de excepción**, cuando beneficie al interés público, la junta podrá optar por un licitador cuya propuesta no sea la más económica. No obstante, cuando la junta opta por un licitador que no sea el más económico, **esta debe hacer constar, por escrito, las razones por las cuales el interés público se ve beneficiado**.

El municipio podrá rechazar una licitación cuando considere que el licitador carece de responsabilidad; este tenga una deuda con el municipio o el gobierno central o federal; se determine que la naturaleza o calidad de los suministros, materiales o equipo no se ajustan a los requisitos indicados en el pliego de la subasta; los precios cotizados se consideren como irrazonables; o cuando el interés público se beneficie con ello.

Cónsono con lo dispuesto en el Código Municipal, el Capítulo VIII, Parte II, Sección 11 (1) del Reglamento Núm. 8873, *supra*, dispone que:

> La adjudicación de las subastas de adquisición, se harán a favor del licitador que esté respaldado por un buen historial de capacidad y cumplimiento y que reúna los siguientes requisitos.
>
> a) que cumpla con los requisitos y condiciones de los pliegos de especificaciones;
>
> b) que sea la más baja en precio o que aunque no sea la más baja en precio, la calidad y/o garantías ofrecidas superan las demás ofertas o se justifique el beneficio del interés público de esa adjudicación.
>
> **De adjudicar a favor de un licitador que no haya ofrecido el costo más bajo, la Junta de Subastas deberá hacer constar por escrito las razones que justifican la adjudicación. Dicha justificación escrita deberá estar firmada por los miembros de la Junta de Subastas que la favorecen y debe permanecer en el expediente para fines de auditoría futura.**
>
> *Íd.* (Énfasis nuestro).

Para cumplir con este fin, el Tribunal Supremo ha resuelto que la resolución adjudicando la subasta debe, **por lo menos**, contener la siguiente información: los nombres de los licitadores y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y, la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *L.P.C. & D., Inc. v. A.C.*, 149 DPR 869 (1999).

**III.**

Tras un análisis completo del expediente y, en particular, de la *Resolución* de la Junta de Subastas, resulta forzoso concluir que esta se aparta por completo de las exigencias estatutarias y normas que regulan las licitaciones públicas municipales.

En primer lugar, la *Resolución* reconoce que la oferta de AE Nova, de $457,800.00, fue la oferta más baja que recibió. También reconoce que el Artículo 2.040 del Código Municipal, *supra*, exige que se considere en primer orden a la oferta más baja. Si esta cumple con los requisitos ahí dispuestos, se le debe adjudicar. No obstante, luego de considerar la oferta de AE Nova, le adjudicó la Subasta a Caribbean Equipment, Inc., cuya oferta era de $729,645.00, cincuenta y nueve por ciento (59%) más costosa que la oferta del Recurrente. Al no adjudicarle la Subasta a AE Nova, la Junta de Subastas debió haber plasmado las razones por escrito, así cumpliendo con, el procedimiento dispuesto en el Código Municipal y en el Reglamento 8873, *supra*. No cumplió con este requisito.

La falta de transparencia en el proceso de subastas realizado en el caso de autos crea sospecha y reduce la confianza pública en los procesos gubernamentales. Recordemos que, al tratarse del gasto de fondos públicos, los procesos de subastas están revestidos de un alto interés público. Los procesos establecidos existen para asegurar que el manejo de las finanzas públicas se realice de manera responsable y para el beneficio del interés público. Por lo tanto, cualquier defecto deberá ser analizado con el mayor rigor y escrutinio.

En su *Resolución*, la Junta de Subastas se limita a esbozar el derecho contenido en el Artículo 2.040 del Código Municipal, y luego concluye que la norma establecida no constituye "una regla inflexible de que el contrato [se] debe adjudicar al postor más

bajo[...]".[6] Sin hacer constar alguna razón ni determinación de hecho que justifique no adjudicar la Subasta a AE Nova, la Junta resolvió adjudicar a favor de Caribbean Equipment, Inc. porque "fue la propuesta más económica y dicha compañía tiene experiencia trabajando para el municipio".[7] Según la prueba y propias determinaciones de la Junta de Subasta, esta determinación es incorrecta en cuanto al costo de las distintas propuestas. Por otro lado, que Caribbean Equipment, Inc. haya trabajado anteriormente con el municipio, no constituye una justificación adecuada para no adjudicar la Subasta al licitador más económico.

El error de la Junta de Subastas se agrava al considerar que AE Nova reúne todos los requisitos exigidos por el Código Municipal y el aviso de Subasta. Surge de su pliego de oferta que AE Nova fue responsivo y diligente en el proceso de la Subasta. El Recurrente goza de una buena reputación en mercado, con más de veinte (20) años de experiencia en la industria de mobiliario de oficina.[8] Su oferta fue una completa y detallada.

En fin, el expediente no contiene evidencia alguna que sustente la *Resolución* y, al no haberse planteado por la Junta de Subastas razón alguna para apartarse de la norma general en cuanto a favorecer al licitador más económico, procedía la adjudicación de la buena pro de la Subasta al Recurrente.

**IV.**

Por los fundamentos expuestos, se revoca la *Resolución* recurrida y se ordena la adjudicación de la Subasta Formal Núm. 9, Serie 2023-2024 a la parte recurrente, AE Nova Distributors, Inc., quien sometió la propuesta más económica.

---

[6] *Íd.*
[7] *Íd.*
[8] *Íd.*, Anejo III, págs. 6-64.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones